### C. CAMPBELL *v.* THE STATE.

1. GAMING-TABLE OR BANK.—If an indictment or information charge that the accused kept a table or bank for gaming, or that he exhibited a table or bank for gaming, it is sufficient, without other description of the table or bank, and without giving it a name or alleging its name to be unknown.

2. SAME—FORMER CONVICTION.—To an indictment for keeping a bank for gaming on July 1, 1876, the accused pleaded former conviction, and adduced in evidence two judgments of conviction for keeping such a bank, under two previous indictments, found within twelve months prior to the filing of the indictment on trial, one of which laid the time on the same day alleged in the indictment on trial. But there was no testimony identifying the offense on trial with either of those charged in the former indictments; and there was evidence that, on at least three occasions within twelve months, the accused kept and exhibited such a bank. *Held,* that under the evidence the plea of former conviction was not sustained, and the charge on trial was sufficiently proved.

APPEAL from the County Court of Grayson. Tried below before the Hon. A. E. WILKINSON, County Judge.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J. The indictment charges that the appellant, on July 1, A. D. 1876, in the county of Grayson, did "unlawfully keep and exhibit a bank for the purpose of gaming," which contains all the statute requires.

In indictments or informations for this class of offenses "it is sufficient to state that the person accused kept a table or bank for gaming, or exhibited a table or bank for gaming, without giving the name or description thereof, and without stating that the table or bank, or gaming device, was without any name, or that the name was unknown." Penal Code, Art. 415 (Pas. Dig., Art. 2051).

The punishment for such offenses is fixed by law, as follows: " He shall be fined not less than twenty-five dollars nor more than one hundred dollars, and may be confined in the county jail not more than thirty days."

On the trial below, the accused pleaded, in bar of this prosecution, as follows: "That, on the 6th day of December, 1876, he was tried before the county court in and for Grayson county on the same accusation charged in this indictment, causes No. 162 and 195, the same being a court of competent jurisdiction, and was fined by said court, and that he has paid off and satisfied the indictments [judgments?] of said court, and pleads said former conviction in bar under this indictment."

A jury was waived, and the cause submitted to the court on the plea of not guilty and his special plea of former conviction, when the accused was fined the sum of $30, and ordered to be imprisoned in the county jail for a period of twenty-four hours.

A motion for new trial was overruled, and notice of appeal given. The grounds set out in the motion for new trial are:

1st. That the judgment of the court was contrary to law.

2d. The judgment is unsupported by the testimony.

The grounds of the motion for new trial are not sustained by the record. Agreeably to the evidence as set out in the statement of facts, it appears that the accused had twice been tried and convicted, and had paid his fines. In one indictment the offense is charged to have

been . committed, on May 11, 1876, and in the other the time is laid on July 1, 1876 ; but the transcript discloses no evidence whatever identifying this with either of the other cases. On the contrary, there was evidence uncontradicted that the accused had been guilty of offending in like manner as many as three times, at the same place, in the Le Grand saloon in Denison, in Grayson county, Texas, in the month of February, 1876, and all within less than twelve months before the finding of the indictment in this case.

We have not been favored with either written or oral argument in behalf of the appellant, but, after a careful examination of the case as presented by the record, we find no error in the judgment

*Affirmed.*